**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| USDC SDNY | |
| DOCUMENT | |
| ELECTRONICALLY FILED | |
| DOC #:_____ | |
| DATE FILED:  4/18/2023 | |

UNITED STATES OF AMERICA,

     Plaintiff,

          v.

CISNE NY CONSTRUCTION, INC.; CISNE JE
CONSTRUCTION, INC.; CISNE
CONTRACTING, INC.; JOSE PANCHA; and
EDISON RUILOVA,

     Defendant.

22 Civ. 338 (GHW)

**<u>CONSENT DECREE</u>**

i

# TABLE OF CONTENTS

I.      JURISDICTION AND VENUE ............................................................................ 4
II.     APPLICABILITY .............................................................................................. 4
III.    DEFINITIONS ................................................................................................. 4
IV.     ADMISSIONS .................................................................................................. 6
V.      REPRESENTATIONS AND COOPERATION ..................................................... 7
VI.     CIVIL PENALTY ............................................................................................. 8
VII.    INJUNCTIVE RELIEF ...................................................................................... 10
VIII.   REPORTING REQUIREMENTS ....................................................................... 14
IX.     STIPULATED PENALTIES .............................................................................. 16
X.      FORCE MAJEURE .......................................................................................... 18
XI.     DISPUTE RESOLUTION .................................................................................. 20
XII.    INFORMATION COLLECTION AND RETENTION ........................................... 22
XIII.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ................................. 24
XIV.    COSTS ............................................................................................................ 26
XV.     NOTICES ........................................................................................................ 26
XVI.    EFFECTIVE DATE .......................................................................................... 27
XVII.   RETENTION OF JURISDICTION .................................................................... 28
XVIII.  MODIFICATION ............................................................................................. 28
XIX.    TERMINATION .............................................................................................. 28
XX.     PUBLIC PARTICIPATION .............................................................................. 29
XXI.    SIGNATORIES/SERVICE ............................................................................... 29
XXII.   INTEGRATION ............................................................................................... 30
XXIII.  26 U.S.C. SECTION 162(F)(2)(A)(II) IDENTIFICATION ................................... 30
XXIV.   FINAL JUDGMENT ........................................................................................ 30

WHEREAS, Plaintiff United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), filed a complaint in this action on January 13, 2022, alleging that Defendants CISNE NY Construction, Inc., CISNE JE Construction, Inc., CISNE Contracting, Inc., Jose Pancha (a/k/a Jose Paccha[1]), and Edison Ruilova, violated Section 409 of the Toxic Substances Control Act ("TSCA" or the "Act"), 15 U.S.C. § 2689;

WHEREAS, the United States alleges that the defendants are subject to administrative penalties by EPA under Section 16 of TSCA, 15 U.S.C. § 2615;

WHEREAS, the Complaint alleges that Defendants violated lead safety requirements set forth in the Renovation, Repair, and Painting Rule (the "RRP Rule") promulgated pursuant to TSCA, including certification and training requirements, lead-safe work practice requirements, warning information requirements, and recordkeeping requirements, while performing renovation projects at residential properties in New York City;

WHEREAS, Defendant Jose Paccha wishes to resolve this matter and make the admissions set forth in Section III of this Consent Decree;

WHEREAS, the United States has determined that Jose Paccha has documented an inability to pay the full civil penalty for which he otherwise would be liable for the violations alleged in the Complaint, and therefore, solely because of that documented inability to pay, the United States is prepared to settle for a lower amount reflective of his ability to pay.

WHEREAS, the United States and Jose Paccha recognize, and the Court by entering this Consent Decree finds, that this Consent Decree is fair, reasonable, and in the public interest.

---

[1] Jose Paccha's name is spelled "Pancha" in some documents filed with state and local governments and "Paccha" in others. Mr. Paccha has confirmed that "Paccha" is the correct spelling of his last name.

NOW, THEREFORE, with the consent of the United States and Jose Paccha, it is HEREBY ADJUDGED, ORDERED, and DECREED as follows:

## I.   JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, and 1355, and Section 17 of TSCA, 15 U.S.C. § 2616, and over the Parties.  Venue lies in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) and 1395(a), because Jose Paccha resides in this district and violated TSCA and the RRP Rule within this District.  For purposes of this Decree, or any action to enforce this Decree, Jose Paccha consents to the Court's jurisdiction over this Decree and any such action and over him, and consents to venue in this judicial district.

2.     For purposes of this Consent Decree, Jose Paccha agrees that the Complaint states claims upon which relief may be granted pursuant to TSCA.

## II.   APPLICABILITY

3.     The obligations of this Consent Decree apply to and are binding upon the United States, and upon Jose Paccha and any successors, assigns, or other entities or persons otherwise bound by law.

## III.   DEFINITIONS

4.     Terms used in this Consent Decree that are defined in the Act or in the RRP Rule have the meanings assigned to them in the Act or the RRP Rule, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions apply:

      a.     "Certified Contractor" means a contractor who has been certified as a firm in accordance with 40 C.F.R § 745.89 and whose certification is in effect throughout his/her involvement with a Renovation.

b.      "Certified Firm" means a Firm that has been certified in accordance with 40 C.F.R § 745.89 and for which the certification is in effect throughout the time of its involvement with a Renovation.

c.      "Certified Renovator" means a Renovator who has been certified in accordance with 40 C.F.R. § 745.90(a).

d.      "Certified Subcontractor" means a Subcontractor that has been certified as a firm in accordance with 40 C.F.R § 745.89 and whose certification is current throughout his/her involvement with a Renovation.

e.      "Child-Occupied Facility" has the same meaning as set forth in 40 C.F.R. § 745.83.

f.      "Complaint" shall mean the complaint filed by the United States in this action.

g.      "Consent Decree" or "Decree" shall mean this Decree and all exhibits attached thereto.

h.      "Contractor" or "Subcontractor" means a Firm that enters into a written agreement with Jose Paccha or a Future Renovation Firm for such Firm to perform any portion of work that constitutes Renovation.

i.      "Covered Work Site" shall mean Target Housing or a Child-Occupied Facility.

j.      "Date of Lodging" shall mean the date this Consent Decree is filed for lodging with the Clerk of the Court for the United States District Court for the Southern District of New York.

k.      "Day" shall mean a calendar day unless expressly stated to be a business day.  In computing any period of time under this Consent Decree, where the last day would fall on a Saturday, Sunday, or federal holiday, the period shall run until the close of business of the next business day.

l.       "EPA" shall mean the United States Environmental Protection Agency and any of its successor departments or agencies.

m.      "Effective Date" shall have the definition provided in Section XVI.

n.      "Firm" has the same meaning as set forth in 40 C.F.R. § 745.83.

o.      "Future Renovation Firm" shall mean any Firm engaged in Renovation that Jose Paccha comes to own, operate, or control, including Jose Paccha individually or as a sole proprietor contracting to perform a Renovation, during the life of this Consent Decree.

p.      "Interest" means interest pursuant to 28 U.S.C. § 1961.

q.      "Pamphlet" has the same meaning as set forth in 40 C.F.R. § 745.83.

r.      "Paragraph" shall mean a portion of this Decree identified by an arabic numeral.

s.      "Perform," in regard to Renovation, shall mean conduct any work that falls into the definition of Renovation, enter into a contract or otherwise agree to conduct or oversee Renovation, or direct, order, or otherwise cause Renovation to take place, including by hiring a Contractor or Subcontractor to do some or all work that constitutes a Renovation.

t.      "Renovator" has the same meaning as set forth in 40 C.F.R. § 745.83.

u.      "Renovation" has the same meaning as set forth in 40 C.F.R. § 745.83.

v.      "Section" shall mean a portion of this Decree identified by a roman numeral.

w.      "Target Housing" has the same meaning as set forth in 40 C.F.R. § 745.103.

x.      "United States" shall mean the United States of America, acting on behalf of EPA.

## IV.    ADMISSIONS

5.      Jose Paccha admits, acknowledges, and accepts responsibility for the following:

a.      Jose Paccha was a principal of CISNE NY Construction, Inc., from approximately November 2016 until April 2018.  In this role, he was responsible for ensuring that CISNE NY Construction, Inc., complied with the RRP Rule in 2017 and 2018.

b.      CISNE NY Construction, Inc., was a general contractor performing renovation work, along with other contractors, in Tower 5 of 160 East 48th Street and at 915 West End Avenue.

c.      CISNE NY Construction, Inc., was compensated for the renovation work it performed at each of these apartment buildings.

d.      These apartment buildings were built before 1978 and the units in which work was performed were "target housing" covered by TSCA and the RRP Rule.

e.      In connection with the renovation work at both of those apartment buildings, Jose Paccha and CISNE NY Construction, Inc., failed to do the following:

(1)      Obtain an RRP firm certification prior to conducting renovation work;

(2)      Have a certified renovator direct the renovations;

(3)      Ensure that all other persons performing the renovations received training on lead-safe work practices;

(4)      Post warning signs defining the work areas and cautioning occupants and other persons not involved in the renovation activities to keep out;

(5)      Provide an EPA pamphlet on lead hazards, *The Lead-Safe Certified Guide to Renovate Right: Important Lead Hazard Information for Families, Care Providers, and Schools*, to the owner of the units being renovated;

(6)      Contain the renovation work areas to minimize the risk of lead exposure;

(7)      Clean the work areas after the renovations were completed to ensure that no dust, debris, or residue remained in those areas; and

(8)      Make available to EPA the records necessary to demonstrate compliance with the RRP Rule.

f.      In addition, Jose Paccha failed to make available to EPA records necessary to demonstrate compliance with the RRP Rule at seven or more other worksites at which he performed renovations.

g.      As a result, Jose Paccha violated the RRP Rule and TSCA.

## V.    REPRESENTATIONS AND COOPERATION

6.    As a condition of entry of this Consent Decree, Jose Paccha represents and warrants, under penalty of perjury pursuant to 28 U.S.C. § 1746:

a.      Since April of 2018, Jose Paccha has not owned, operated, or controlled CISNE NY Construction, Inc. Since the same date, Jose Paccha has not performed any Renovation work under or derived any profit from CISNE NY Construction, Inc.

b.      Jose Paccha has never performed any Renovation work under or derived any profit from, and has never owned, operated, or controlled CISNE JE Construction, Inc.

    c.      Jose Paccha has never owned, operated, or controlled CISNE Contracting, Inc. However, from approximately April of 2018 through August of 2019, Jose Paccha earned income by working as a carpenter for CISNE Contracting, Inc.

    d.      Jose Paccha is not currently engaged in any business ventures with defendant Edison Ruilova, including but not limited to any shared ownership, operation, or control of companies in the business of Renovation.

    e.      Jose Paccha currently works as an employee in the position of carpenter for a renovation firm that is not affiliated with the other defendants ("Company A"). He does not own, operate, or control Company A.

    f.      Jose Paccha does not currently own, operate, or control any company engaged in the business of Renovation nor does he individually contract to conduct or oversee Renovations.

7.     Jose Paccha agrees to cooperate fully and truthfully with the United States' investigation of and litigation against individuals and entities not released in this Consent Decree, relating to matters alleged in the Complaint or otherwise.  Jose Paccha further agrees to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in his possession, custody, or control concerning the conduct at issue in the Complaint or other matters subject to investigation or litigation by the United States.

## VI.   CIVIL PENALTY

8.     Jose Paccha shall pay the sum of $25,000 as a civil penalty, plus interest as described in this Paragraph. This payment shall be made in 25 consecutive monthly payments of $1,000 with the first payment due 30 Days after the Effective Date, and subsequent payments due monthly thereafter.  Jose Paccha shall include with the first installment payment an additional amount for interest accrued at the rate of 3.5% per year on the total payment amount from the Effective Date through the date of payment. Jose Paccha shall include with each subsequent payment an additional amount for interest accrued at the rate of 3.5% per year on the unpaid

balance from the date of the previous payment through the date of the payment. A payment schedule with the principal and interest due for each installment payment is attached as Exhibit A.

9.      Jose Paccha shall pay the civil penalty by FedWire Electronic Funds Transfer ("EFT") to the DOJ account, in accordance with instructions provided to Jose Paccha by the United States Attorney's Office for the Southern District of New York after the Effective Date.  The payment instructions provided by the United States Attorney's Office ("USAO") will include a Consolidated Debt Collection System ("CDCS") number, which Jose Paccha shall use to identify all payments required to be made in accordance with this Consent Decree.

10.      At the time of payment, Jose Paccha shall send notice that payment has been made: (i) to EPA via email at cinwd_acctsreceivable@epa.gov or via regular mail at EPA Cincinnati Finance Office, 26 W. Martin Luther King Drive, Cincinnati, Ohio 45268; and (ii) to the United States via email or regular mail in accordance with Section XV; and (iii) to EPA in accordance with Section XV.  Such notice shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in *United States of America v. CISNE NY Construction, et al.* and shall reference the civil action number and CDCS Number.

11.      Jose Paccha may pay any payment prior to its due date, but must contact the USAO in advance for a determination regarding the amount of interest to be included with the payment. If any installment payment includes an overpayment, the amount of the overpayment will be applied to the remaining principal.

12.       If Jose Paccha fails to make any payment required under Paragraph 8 by the due date, the Government may send Jose Paccha a notice of late payment.  If Jose Paccha fails to make the payment and to pay all interest and stipulated penalties owed within 30 days of receipt of the notice, all remaining payments and all accrued interest will be due immediately. Interest will

continue to accrue on any unpaid amounts until Jose Paccha pays the total amount due. Interest required under this Paragraph is in addition to any stipulated penalties owed under Section IX.

13.    If Jose Paccha becomes the subject of a proceeding under the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all remaining payments and accrued interest will be due immediately. Interest will continue to accrue on any unpaid amounts until Jose Paccha pays the total amount due. Interest required under this Paragraph is in addition to any stipulated penalties owed under Section IX.

14.    Jose Paccha shall not deduct any penalties paid under this Decree pursuant to this Section or Section IX (Stipulated Penalties) in calculating his federal income tax.

15.    Jose Paccha acknowledges that the amount of the civil penalty has been set based on his documented inability to pay a greater amount and that, in the absence of a limited ability to pay, under the relevant EPA penalty policy, Jose Paccha's civil penalty would exceed $2 million.

## VII.    INJUNCTIVE RELIEF

16.    Certified Renovator: Before Jose Paccha conducts any additional Renovations at Covered Work Sites including as an employee of Company A or another Firm, he shall obtain a renovator certification by completing an appropriate course accredited by EPA under § 745.225 or by a State or Tribal program that is authorized under subpart Q of Part 745 of Title 40 of the Code of Federal Regulations.

17.    Individual RRP Rule Compliance: During all Renovations at Covered Work Sites at which Jose Paccha works as an employee or contractor of a Firm that he does not own, operate, or control, Jose Paccha shall: (a) ensure that the company has a firm certification pursuant to 40 C.F.R. §§ 745.81(a)(2)(ii) and 745.89(a)(1); and (b) follow the work practices set forth in 40 C.F.R. § 745.85. If any Firm for whom Jose Paccha works is not certified or refuses to allow him

to perform the requirements of this paragraph, he shall immediately cease to work at the Covered

Work Site and shall inform the EPA of the Firm's non-compliance pursuant to Paragraph 65.

18.    <u>Firm RRP Rule Compliance</u>: If Jose Paccha conducts Renovations as part of a

Future Renovation Firm, he shall ensure that the Firm complies with the RRP Rule both prior to

agreeing to conduct Renovations and during those Renovations at Covered Work Sites, including,

but not limited to:

    a.    Maintaining firm certification pursuant to 40 C.F.R. §§ 745.81(a)(2)(ii) and 745.89(a)(1);

    b.    Assigning a Certified Renovator pursuant to 40 C.F.R. §§ 745.81(a)(3) and 745.89(d)(2), and having Certified Renovators perform Renovation activities at Covered Work Sites, or having individuals performing Renovation activities at Covered Work Sites trained by a Certified Renovator as provided in 40 C.F.R. §§ 745.81(a)(3) and 745.89(d)(1);

    c.    Providing the lead hazard information pamphlet ("The Lead Safe Certified Guide to Renovate Right") to the building, owner and occupant of the unit being renovated, and/or each affected unit pursuant to 40 C.F.R. § 745.84(a), (b), and (c), obtaining a written acknowledgment of receipt of the pamphlet, and maintaining relevant records for three (3) years after the termination of the Consent Decree;

    d.    Posting warning signs pursuant to 40 C.F.R. § 745.85(a)(1);

    e.    Containing the work area by closing windows and doors pursuant to 40 C.F.R. § 745.85(a)(2)(i)(C);

    f.    Covering the floor surface pursuant to 40 C.F.R. § 745.85(a)(2)(i)(D);

    g.    Containing waste from renovation pursuant to 40 C.F.R. § 745.85(a)(4)(i);

    h.    Performing post-renovation clean up pursuant to 40 C.F.R. § 745.85(a)(5);

    i.    Performing post-renovation cleaning verification pursuant to 40 C.F.R. § 745.85(b); and

    j.    Maintaining and producing records pursuant to 40 C.F.R. §§ 745.86(a) and (b).

19.     <u>Renovation Checklist</u>: Jose Paccha and any Future Renovation Firm shall use the Renovation Checklist—attached to this Consent Decree as Exhibit B—when performing Renovations at Covered Work Sites.

20.     <u>Notification of Work</u>: If Jose Paccha conducts Renovations as part of a Future Renovation Firm, Jose Paccha shall notify EPA in writing in accordance with Paragraph 65:

    a.     Of the formation of the Future Renovation Firm.

    b.     Of each upcoming Renovation at least 14 days before beginning the Renovation. The notification to EPA of a Renovation shall include, at a minimum: (a) the location of the Covered Work Site (the address) and the areas to be renovated (e.g., apartment number(s), common area(s), exterior); (b) the character of the Covered Work Site (e.g., single family domicile, multi-family apartment building, school building); (c) whether the Covered Work Site will be occupied at the time of the Renovation; (d) whether children reside at or frequent the Covered Work Site when not under Renovation and the age of any such children; (e) the scope of work to be performed; (f) the full name, address, telephone number, and certification number of each contractor and/or subcontractor working on the Renovation, (g) the full name, address and telephone number of the individual who will be the on-site Certified Renovator for the work and a copy of his/her Renovator certificate, (h) the name, address, and telephone number of the Covered Work Site's owner or agent; (i) the full name, address, and telephone number of the Compliance Officer, as defined in Paragraph 21, working on the Renovation (j) the scheduled dates of work; and (k) any test results supporting an exemption pursuant to 40 C.F.R. § 745.86(b)(1). Additionally, the notification will state that the Future Renovation Firm authorizes EPA to inspect and take samples at the Covered Work Site while the Renovation is occurring and will take all reasonable steps to secure access for EPA from the Covered Work Site's owner(s). Timely submission of a completed Notification Checklist—attached to this Consent Decree as Exhibit B—will satisfy this notification requirement. If a Renovation-related change/modification (e.g. change of Certified Renovator, scope of work, dates of work) becomes necessary, Jose Paccha on behalf of the Future Renovation Firm must either update their original notification to EPA for that Covered Work Site or send EPA a new notification promptly.

    c.     Of any complaints received verbally or in writing from tenants, neighbors, the public, tenant organizations, workers, or any other source regarding work regulated by the RRP Rule within seven (7) days of receiving such complaints.

      d.      Of any official correspondence received from any municipal, county, or state agencies regarding the condition, handling, maintenance, disturbance, containment, or abatement of lead-based paint at the Target Housing within seven (7) days of receiving such correspondence.

21.    <u>Compliance Officer</u>: If Jose Paccha conducts Renovations as part of a Future Renovation Firm, he shall designate a compliance officer (who shall be individually certified as a Renovator) as a single point of contact to deal with lead safe work practice issues, monitor Contractors' and Subcontractors' compliance with RRP Rule requirements, and respond to EPA with regard to any other issues that may arise with regard to the performance of the Renovation (the "Compliance Officer"). No Renovation work shall be performed at any Covered Work Site unless a Compliance Officer has been designated and is available to EPA at any time Renovation is taking place.

22.    <u>Contractors and Subcontractors</u>: If Jose Paccha conducts Renovations as part of a Future Renovation Firm, he shall ensure that such Firm hires only RRP certified firms as Contractors and Subcontractors for Renovations at Covered Work Sites. Jose Paccha shall ensure that the Future Renovation Firm shall memorialize Contractor and Subcontractor hiring in written contracts, copies of which shall be available to EPA upon request. When Contractors and Subcontractors are utilized for Renovations at Covered Work Sites, Jose Paccha shall ensure that the Future Renovation Firm:

      a.      Requires the Contractors or Subcontractors to use the Renovation Checklist. Regardless of the provision of any contract between the Future Renovation Firm and its Contractors or Subcontractors, Jose Paccha shall ensure that the Future Renovation Firm is responsible for the completion of the Renovation Checklist by their Contractors or Subcontractors for each Renovation at Covered Work Sites.

      b.      Suspends any Contractor or Subcontractor with an expired RRP certification as soon as possible but not later than twenty-four (24) hours after learning of the expired certification. Jose Paccha shall notify EPA in writing within seven (7) days of each suspension.

  c.  Suspends any Contractor or Subcontractor found to be in violation of the RRP Rule and causes their work to cease as soon as is feasible, but in no event more than twenty-four (24) hours after receiving credible notice of the violations.

  d.  Requires Contractors and Subcontractors to certify in writing, prior to receiving payments beyond an initial deposit, that they have complied with the RRP requirements for the work they have performed or continue to perform and to submit records demonstrating compliance at the completion of the work. The designated Compliance Officer shall review these records to confirm that they demonstrate compliance prior to the Future Renovation Firm making final payment. The Future Renovation Firm shall maintain and make available to EPA any such records for three (3) years after the termination of the Consent Decree.

For avoidance of doubt, the Future Renovation Firm and Jose Paccha (together potentially with others) will be responsible for any RRP violations during any Renovation at Covered Work Sites performed by any contractor or subcontractor.

## VIII. REPORTING REQUIREMENTS

23. <u>Annual Reporting</u>: By January 31st of each year after the lodging of this Consent Decree, until termination of this Decree pursuant to Section XIX, Jose Paccha shall submit by letter annually, either: (1) a certification that Jose Paccha has not formed a Future Renovation Firm; or (2) if Jose Paccha has formed a Future Renovation Firm, a report for the preceding calendar year that shall include a list of all Renovations at Covered Work Sites that the Future Renovation Firm performed in the preceding year.  For each completed Renovation, the report shall include either: (a) a certification that a determination had been made that lead-based paint was not present on the components affected by the Renovation, records to support such a determination, as described in 40 C.F.R. §745.86(b)(1), and a contemporaneously completed Renovation Checklist; or (b) all of the following: (i) records reflecting delivery and written acknowledgment of receipt of the EPA pamphlet titled *The Lead-Safe Certified Guide to Renovate Right: Important Lead Hazard Information for Families, Child Care Providers and Schools*, as

described in 40 C.F.R. §745.86(b)(2)-(5); (ii) records demonstrating that the requirements of 40

C.F.R. §745.85 were followed, including the records set forth in 40 C.F.R. §745.86(b)(6); and (iii)

a contemporaneously completed Renovation Checklist.  To the extent that the Future Renovation

Firm did not perform any Renovation at Covered Work Sites in the preceding calendar year, the

report pursuant to this Paragraph shall so state.

24.     The annual letter described in Paragraph 23 shall also include a description of any

violation of the requirements of this Consent Decree or the RRP Rule and an explanation of the

cause of the violation and of the remedial steps taken, or to be taken, to minimize the effects of

such violation and to prevent further violations.

25.     Whenever any violation of this Consent Decree or the RRP Rule or any other event

affecting Jose Paccha or any Future Renovation Firm's performance under this Consent Decree

may pose an immediate threat to the public health or welfare or the environment, Jose Paccha and

any such Firm shall cease all work and notify EPA orally or by email as soon as possible, but no

later than 24 hours after they first knew of the violation or event.  This procedure is in addition to

the requirements set forth in the preceding Paragraphs.

26.     Each report submitted by Jose Paccha, whether for himself or on behalf of a Future

Renovation Firm, under this Section shall be signed by Jose Paccha and include the following

certification:

> I certify under penalty of perjury that this document and all attachments were prepared
> under my direction or supervision in accordance with a system designed to assure that
> qualified personnel properly gather and evaluate the information submitted.  Based on my
> inquiry of the person or persons who manage the system, or those persons directly
> responsible for gathering the information, the information submitted is, to the best of my
> knowledge and belief, true, accurate, and complete.  I have no personal knowledge that the
> information submitted is other than true, accurate, and complete.  I am aware that there are
> significant penalties for submitting false information, including the possibility of fine and
> imprisonment for knowing violations.

27.     This certification requirement does not apply to emergency or similar notifications where compliance would be impractical.

28.     The reporting requirements of this Consent Decree do not relieve Jose Paccha or any Future Renovation Firm of any reporting obligations required by the Act or implementing regulations, or by any other federal, state, or local law, regulation, permit, or other requirement.

29.     Any information provided pursuant to this Consent Decree may be used by the United States in any proceeding to enforce the provisions of this Consent Decree and as otherwise permitted by law.

## IX.     STIPULATED PENALTIES

30.     Jose Paccha shall be liable for stipulated penalties to the United States for violations of this Consent Decree as specified below, unless excused under Section X (Force Majeure).  A violation includes failing to perform any obligation required by the terms of this Decree according to all applicable requirements of this Decree and within the specified time schedules established by or approved under this Decree.

31.     Late Payment of Civil Penalty.  If Jose Paccha fails to pay the civil penalty required to be paid under Section VI (Civil Penalty) when due, he shall pay a stipulated penalty of $500 per Day for each Day that each payment is late.

32.     Other Violations.  The following stipulated penalties shall accrue per violation per Day for each violation of a requirement set forth in Sections VII or VIII:

| Penalty Per Violation Per Day | Period of Noncompliance |
|---|---|
| $1,000 | 1st through 14th Day |
| $2,000 | 15th through 30th Day |
| $3,000 | 31st Day and beyond |

33.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due or on the Day a violation occurs, whichever is applicable, and shall continue to accrue until performance is satisfactorily completed or until the violation ceases.  Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

34.     Jose Paccha shall pay any stipulated penalty within 30 Days of receiving the United States' written demand. The United States may in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due it under this Consent Decree.

35.     Stipulated penalties shall continue to accrue as provided in Paragraph 33, during any Dispute Resolution, but need not be paid until the following:

      a.     If the dispute is resolved by agreement of the Parties or by a decision of EPA that is not appealed to the Court, Jose Paccha shall pay accrued penalties determined to be owing, together with interest, to the United States within 30 Days of the effective date of the agreement or the receipt of EPA's decision or order.

      b.     If the dispute is appealed to the Court and the United States prevails in whole or in part, Jose Paccha shall pay all accrued penalties determined by the Court to be owing, together with interest, within 60 Days of receiving the Court's decision or order, except as provided in subparagraph c, below.

      c.     If any Party appeals the District Court's decision, Jose Paccha shall pay all accrued penalties determined to be owing, together with interest, within 15 Days of receiving the final appellate court decision.

36.     Jose Paccha shall pay stipulated penalties owing to the United States in the manner set forth in Paragraph 9 and with the confirmation notices required by Paragraph 10, except that the transmittal letter shall state that the payment is for stipulated penalties and shall state for which violation(s) the penalties are being paid.

37.     If Jose Paccha fails to pay stipulated penalties according to the terms of this Consent Decree, he shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit

the United States from seeking any remedy otherwise provided by law for the Jose Paccha's failure to pay any stipulated penalties.

38.     The payment of penalties and interest, if any, shall not alter in any way Jose Paccha's obligation to complete the performance of the requirements of this Consent Decree.

39.     <u>Non-Exclusivity of Remedy</u>.   Stipulated penalties are not the United States' exclusive remedy for violations of this Consent Decree.   Subject to the provisions of Section XIII (Effect of Settlement/Reservation of Rights), the United States expressly reserves the right to seek any other relief it deems appropriate for Jose Paccha's violation of this Decree or applicable law, including but not limited to an action against Jose Paccha for statutory penalties, additional injunctive relief, mitigation or offset measures, and/or contempt.   However, the amount of any statutory penalty assessed for a violation of this Consent Decree shall be reduced by an amount equal to the amount of any stipulated penalty assessed and paid pursuant to this Consent Decree.

## X.     FORCE MAJEURE

40.     "Force majeure," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Jose Paccha, of any entity controlled by Jose Paccha, or of Jose Paccha's contractors, that delays or prevents the performance of any obligation under this Consent Decree despite Jose Paccha's best efforts to fulfill the obligation.   The requirement that Jose Paccha exercise "best efforts to fulfill the obligation" includes using best efforts to anticipate any potential force majeure event and best efforts to address the effects of any potential force majeure event (a) as it is occurring and (b) following the potential force majeure, such that the delay and any adverse effects of the delay are minimized.   "Force Majeure" does not include Jose Paccha's financial inability to perform any obligation under this Consent Decree.

41.     If any event occurs or has occurred that may delay the performance of any obligation under this Consent Decree, whether or not caused by a force majeure event, Jose Paccha shall provide notice orally or by email to EPA within 72 hours of when he first knew that the event might cause a delay.   Within seven Days thereafter, he shall provide in writing to EPA an explanation and description of the reasons for the delay; the anticipated duration of the delay; all actions taken or to be taken to prevent or minimize the delay; a schedule for implementation of any measures to be taken to prevent or mitigate the delay or the effect of the delay; his rationale for attributing such delay to a force majeure event if he intends to assert such a claim; and a statement as to whether, in his opinion, such event may cause or contribute to an endangerment to public health, welfare or the environment.   He shall include with any notice all available documentation supporting the claim that the delay was attributable to a force majeure.   Failure to comply with the above requirements shall preclude Jose Paccha from asserting any claim of force majeure for that event for the period of time of such failure to comply, and for any additional delay caused by such failure.   Jose Paccha shall be deemed to know of any circumstance of which he, any entity controlled by him, or his contractors or subcontractors knew or should have known.

42.     If EPA agrees that the delay or anticipated delay is attributable to a force majeure event, the time for performance of the obligations under this Consent Decree that are affected by the force majeure event will be extended by EPA for such time as is necessary to complete those obligations.   An extension of the time for performance of the obligations affected by the force majeure event shall not, of itself, extend the time for performance of any other obligation.   EPA will notify Jose Paccha in writing of the length of the extension, if any, for performance of the obligations affected by the force majeure event.

43.     If EPA does not agree that the delay or anticipated delay has been or will be caused by a force majeure event, EPA will notify Jose Paccha in writing of its decision.

44.     If Jose Paccha elects to invoke the dispute resolution procedures set forth in Section XI (Dispute Resolution), he shall do so no later than 15 Days after receipt of EPA's notice. In any such proceeding, he shall have the burden of demonstrating by a preponderance of the evidence that the delay or anticipated delay has been or will be caused by a force majeure event, that the duration of the delay or the extension sought was or will be warranted under the circumstances, that best efforts were exercised to avoid and mitigate the effects of the delay, and that he complied with the requirements of Paragraphs 40 and 41.  If he carries this burden, the delay at issue shall be deemed not to be a violation by him of the affected obligation of this Consent Decree identified to EPA and the Court.

## XI.     DISPUTE RESOLUTION

45.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section shall be the exclusive mechanism to resolve disputes arising under or with respect to this Consent Decree. Jose Paccha's failure to seek resolution of a dispute under this Section shall preclude him from raising any such issue as a defense to an action by the United States to enforce any obligation of his arising under this Decree.

46.     Informal Dispute Resolution.  Any dispute subject to Dispute Resolution under this Consent Decree shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Jose Paccha sends the United States and EPA a written Notice of Dispute. Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed 20 Days from the date the dispute arises, unless that period is modified by written agreement.  If the parties cannot resolve a dispute by informal negotiations,

then the position advanced by the United States shall be considered binding unless, within 15 Days after the conclusion of the informal negotiation period, Jose Paccha invokes formal dispute resolution procedures as set forth below.

47.     Formal Dispute Resolution.   Jose Paccha shall invoke formal dispute resolution procedures, within the time period provided in the preceding Paragraph, by sending the United States and EPA a written Statement of Position regarding the matter in dispute.  The Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting his position and any supporting documentation relied upon by him.

48.     The United States will send Jose Paccha its Statement of Position within 45 Days of receipt of the Jose Paccha's Statement of Position.  The United States' Statement of Position shall include, but need not be limited to, any factual data, analysis, or opinion supporting that position and any supporting documentation relied upon by the United States.  The United States' Statement of Position is binding on Jose Paccha, unless he files a motion for judicial review of the dispute in accordance with the following Paragraph.

49.     Judicial Dispute Resolution.   Jose Paccha may seek judicial review of the dispute by filing with the Court and serving on the United States a motion requesting judicial resolution of the dispute.  The motion (a) must be filed within ten Days of receipt of the United States' Statement of Position pursuant to the preceding Paragraph; (b) may not raise any issue not raised in informal dispute resolution pursuant to Paragraph 46, unless the United States raises a new issue of law or fact in the Statement of Position; (c) shall contain a written statement of Jose Paccha's position on the matter in dispute, including any supporting factual data, analysis, opinion, or documentation, and (d) shall set forth the relief requested and any schedule within which the dispute must be resolved for orderly implementation of the Consent Decree.

50.    The United States shall respond to Jose Paccha's motion within the time period allowed by the Local Rules of this Court.  Jose Paccha may file a reply memorandum, to the extent permitted by the Local Rules.

51.    Standard of Review

    a.    <u>Disputes Concerning Matters Accorded Record Review</u>.   Except as otherwise provided in this Consent Decree, in any dispute brought under Paragraph 47 pertaining to the adequacy of measures to comply with the RRP Rule or any other items requiring approval by EPA under this Consent Decree; the adequacy of the performance of work undertaken pursuant to this Consent Decree; and all other disputes that are accorded review on the administrative record under applicable principles of administrative law, Jose Paccha shall have the burden of demonstrating, based on the administrative record, that the position of the United States is arbitrary and capricious or otherwise not in accordance with law.

    b.    <u>Other Disputes</u>.  Except as otherwise provided in this Consent Decree, in any other dispute brought under Paragraph 47, Jose Paccha shall bear the burden of demonstrating that his position complies with this Consent Decree and better furthers the objectives of the Consent Decree.

52.    The invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Jose Paccha under this Consent Decree, unless and until final resolution of the dispute so provides.  Stipulated penalties with respect to the disputed matter shall continue to accrue from the first Day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 35.  If Jose Paccha does not prevail on the disputed issue, stipulated penalties shall be assessed and paid as provided in Section IX (Stipulated Penalties).

## XII.    INFORMATION COLLECTION AND RETENTION

53.    The United States and its representatives, including attorneys, contractors, and consultants, shall have the right of entry into any Covered Work Sites at which Jose Paccha or any Future Renovation Firm is performing Renovations or where renovation records are kept, at all reasonable times, upon presentation of credentials, to:

a.      monitor the progress of activities required under this Consent Decree;

b.      verify any data or information submitted to the United States in accordance with the terms of this Consent Decree;

c.      obtain samples and, upon request and to the extent practicable, splits of any samples taken by the Jose Paccha or the Future Renovation Firm or their representatives, contractors, or consultants;

d.      obtain documentary evidence, including photographs and similar data; and

e.      assess Jose Paccha's compliance with this Consent Decree.

To the extent that such right of entry to the Covered Work Site requires approval by the owner(s) of the Covered Work Site, Jose Paccha shall take all reasonable steps to obtain such approval prior to commencement of the Renovation.

54.     Until three years after the termination of this Consent Decree, Jose Paccha shall retain, and shall instruct his contractors, subcontractors, and agents to preserve, all non-identical copies of all documents, records, or other information (including documents, records, or other information in electronic form) in his or his contractors', subcontractors', or agents' possession or control, or that come into his or his contractors', subcontractors', or agents' possession or control, and that relate in any manner to his performance of his obligations under this Consent Decree. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.  At any time during this information-retention period, upon request by the United States, Jose Paccha shall provide copies of any documents, records, or other information required to be maintained under this Paragraph.

55.     At the conclusion of the information-retention period provided in the preceding Paragraph, Jose Paccha shall notify the United States at least 90 Days prior to the destruction of any documents, records, or other information subject to the requirements of the preceding Paragraph and, upon request by the United States, Jose Paccha shall deliver any such documents,

records, or other information to EPA.  Jose Paccha may assert that certain documents, records, or other information are privileged under the attorney-client privilege or any other privilege recognized by federal law.  If Jose Paccha asserts such a privilege, he shall provide the following: (a) the title of the document, record, or information; (b) the date of the document, record, or information; (c) the name and title of each author of the document, record, or information; (d) the name and title of each addressee and recipient; (e) a description of the subject of the document, record, or information; and (f) the privilege asserted by Jose Paccha.  However, no documents, records, or other information created or generated pursuant to the requirements of this Consent Decree shall be withheld on grounds of privilege.

56.     Jose Paccha may also assert that information required to be provided under this Section is protected as TSCA-specific Confidential Business Information ("CBI") under 15 U.S.C. § 2613 or as general CBI under 40 C.F.R. Part 2.  As to any information that he seeks to protect as CBI, he shall follow the procedures set forth in the applicable statutory or regulatory provisions.

57.     This Consent Decree in no way limits or affects any right of entry and inspection, or any right to obtain information, held by the United States pursuant to applicable federal laws, regulations, or permits, nor does it limit or affect any duty or obligation of Jose Paccha to maintain documents, records, or other information imposed by applicable federal or state laws, regulations, or permits.

## XIII.   EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

58.     This Consent Decree resolves the civil claims of the United States against Jose Paccha for the violations alleged in the Complaint filed in this action.  For avoidance of doubt, this Consent Decree does not resolve the United States' claims against any other defendant to this litigation.

59.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, except as expressly specified in Paragraph 58.

60.     This Consent Decree is not a permit, or a modification of any permit, under any federal, State, or local laws or regulations.  Jose Paccha is responsible for achieving and maintaining complete compliance with all applicable federal, State, and local laws, regulations, and permits; and the Jose Paccha's compliance with this Consent Decree shall be no defense to any action commenced pursuant to any such laws, regulations, or permits, except as set forth herein.  The United States does not, by its consent to the entry of this Consent Decree, warrant or aver in any manner that Jose Paccha's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Act, 15 U.S.C. § 2601, *et seq.*, or with any other provisions of federal, State, or local laws, regulations, or permits.

61.     This Consent Decree does not limit or affect the rights of Jose Paccha or of the United States against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Jose Paccha, except as otherwise provided by law.

62.     This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

63.     Jose Paccha acknowledges that the United States has relied on: (1) the representations in Section V; and (2) the financial information provided by Jose Paccha to the United States identified in Exhibit C, in entering into the Consent Decree.  Such representations

and financial information are material to the United States' decision to agree to the terms contained

herein. Accordingly, the United States reserves its right to seek additional relief (including

payment of additional civil penalty) judicially or administratively with respect to the matters

contained in the Complaint if representations or financial information are materially inaccurate or

contain material omissions, notwithstanding Paragraph 58. Any such relief would be in addition

to, and not in lieu of, Jose Paccha's agreements under this Consent Decree. Jose Paccha waives

any statute of limitations defense that may otherwise apply to such additional relief. Jose Paccha

reserves his defenses to such additional relief except the defense that Paragraph 58 bars such relief

and except any statute of limitations defense.

## XIV.   COSTS

64.     The Parties shall bear their own costs of this action, including attorneys' fees,

except that the United States shall be entitled to collect the costs (including attorneys' fees)

incurred in any action necessary to collect any portion of the civil penalty or any stipulated

penalties due but not paid by Jose Paccha.

## XV.   NOTICES

65.     Unless otherwise specified in this Decree, whenever notifications, submissions, or

communications are required by this Consent Decree, they shall be made in writing, addressed as

follows:

| | |
|---|---|
| As to the DOJ by email: | zachary.bannon@usdoj.gov |
| | eescdcopy.enrd@usdoj.gov |
| | Re: DJ # 90-5-2-1-12386 |
| | |
| As to the DOJ by mail: | Zachary Bannon, AUSA |
| | U.S. Attorney's Office |
| | 86 Chambers St., 3rd Floor |
| | New York, NY 10007 |
| | Tel.:  (212) 637-2728 |
| | |
| | EES Case Management Unit |
| | Environment and Natural Resources Division |
| | U.S. Department of Justice |
| | P.O. Box 7611 |
| | Washington, D.C.  20044-7611 |
| | Re: DJ # 90-5-2-1-12386 |
| | |
| As to EPA by email: | taylor.karen@epa.gov |
| | lareau.meghan@epa.gov |
| | |
| As to Jose Paccha: | Jose Paccha |
| | 5 Sonny Sharrock Way |
| | Ossining, New York 10562 |
| | Josepaccha0125@gmail.com |

66.     Any party to this Decree may, by written notice to the other parties, change its designated notice recipient or notice address provided above.

67.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing or transmission by email, unless otherwise provided in this Consent Decree or by mutual agreement of the parties in writing.

## XVI.   EFFECTIVE DATE

68.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XVII.  RETENTION OF JURISDICTION

69.     The Court shall retain jurisdiction over this case until termination of this Consent Decree, for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree, pursuant to Sections XI and XVIII, or effectuating or enforcing compliance with the terms of this Decree.

## XVIII. MODIFICATION

70.     The terms of this Consent Decree, including any attached appendices, may be modified only by a subsequent written agreement signed by all the Parties.  Where the modification constitutes a material change to this Decree, it shall be effective only upon approval by the Court.

71.     Any disputes concerning modification of this Decree shall be resolved pursuant to Section XI (Dispute Resolution), provided, however, that, instead of the burden of proof provided by Paragraph 51, the Party seeking the modification bears the burden of demonstrating that it is entitled to the requested modification in accordance with Federal Rule of Civil Procedure 60(b).

## XIX.  TERMINATION

72.     After Jose Paccha has maintained continuous satisfactory compliance with this Consent Decree for a period of three years and has paid the civil penalty and any accrued stipulated penalties as required by this Consent Decree, he may serve upon the United States a Request for Termination, stating that he has satisfied those requirements, together with all necessary supporting documentation.

73.     Following receipt by the United States of the Jose Paccha's Request for Termination, the Parties shall confer informally concerning the Request and any disagreement that the Parties may have as to whether Jose Paccha have satisfactorily complied with the requirements for termination of this Consent Decree.  If the United States agrees that the Decree may be

terminated, the Parties shall submit, for the Court's approval, a joint stipulation terminating the Decree.

74.     If the United States does not agree that the Decree may be terminated, Jose Paccha may invoke Dispute Resolution under Section XI.  However, Jose Paccha shall not seek Dispute Resolution of any dispute regarding termination until 30 Days after service of his Request for Termination.

## XX.   PUBLIC PARTICIPATION

75.     This Consent Decree shall be lodged with the Court for a period of not less than 30 Days for public notice and comment in accordance with 28 C.F.R. § 50.7.  The United States reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate.  Jose Paccha consents to entry of this Consent Decree without further notice and agrees not to withdraw from or oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Jose Paccha in writing that it no longer supports entry of the Decree.

## XXI.   SIGNATORIES/SERVICE

76.     Jose Paccha and the Deputy Section Chief, Environmental Enforcement Section, Environment and Natural Resources Division of the Department of Justice each certifies that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to this document.

77.     This Consent Decree may be signed in counterparts, and its validity shall not be challenged on that basis.  Jose Paccha agrees to accept service of process by mail with respect to all matters arising under or relating to this Consent Decree and to waive the formal service

requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a summons.  Jose Paccha need not file an answer to the complaint in this action unless or until the Court expressly declines to enter this Consent Decree.

## XXII.  INTEGRATION

78.     Except as is provided in Paragraph 63, this Consent Decree, including deliverables that are subsequently approved pursuant to this Decree, constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements and understandings, whether oral or written, concerning the subject matter of the subject matter of the Decree herein.

## XXIII. 26 U.S.C. SECTION 162(f)(2)(A)(ii) IDENTIFICATION

79.     For purposes of the identification requirement in Section 162(f)(2)(A)(ii) of the Internal Revenue Code, 26 U.S.C. § 162(f)(2)(A)(ii), and 26 C.F.R. § 1.162-21(b)(2), performance of Paragraphs 16-29, 53-57, is restitution, remediation, or required to come into compliance with law.

## XXIV. FINAL JUDGMENT

80.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Jose Paccha.  The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

Dated and entered this 18th day of April, 2023     __

_____
UNITED STATES DISTRICT JUDGE

30

FOR THE UNITED STATES OF AMERICA:


2/28/23
_____
Dated

        DAMIAN WILLIAMS
        United States Attorney for the
        Southern District of New York

By:

        ZACHARY BANNON
        Assistant United States Attorney
        86 Chambers Street, 3rd Floor
        New York, NY 10007
        Tel.:  (212) 637-2728
        Fax:  (212) 637-2786
        Email:  zachary.bannon@usdoj.gov

FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:


_____
Date:

PAUL SIMON   Digitally signed by PAUL
SIMON
Date: 2023.02.27 14:58:43
-05'00'

_____
Paul Simon
Acting Regional Counsel
U.S. Environmental Protection Agency, Region 2

FOR JOSE PACCHA:

01/24/23
Date

JOSE PACCHA

## Exhibit A – Civil Penalty Payment Schedule

| Deadline for payment | | Principle w/o interest | Interest | Total Installment Payment | Unpaid Bal |
|---|---|---|---|---|---|
| 30 | Days after entry | 1,000.00 | 71.92 | 1,071.92 | 24,000.00 |
| 2 | Months after entry | 1,000.00 | 70.88 | 1,070.88 | 23,000.00 |
| 3 | Months after entry | 1,000.00 | 67.08 | 1,067.08 | 22,000.00 |
| 4 | Months after entry | 1,000.00 | 64.17 | 1,064.17 | 21,000.00 |
| 5 | Months after entry | 1,000.00 | 61.25 | 1,061.25 | 20,000.00 |
| 6 | Months after entry | 1,000.00 | 58.33 | 1,058.33 | 19,000.00 |
| 7 | Months after entry | 1,000.00 | 55.42 | 1,055.42 | 18,000.00 |
| 8 | Months after entry | 1,000.00 | 52.50 | 1,052.50 | 17,000.00 |
| 9 | Months after entry | 1,000.00 | 49.58 | 1,049.58 | 16,000.00 |
| 10 | Months after entry | 1,000.00 | 46.67 | 1,046.67 | 15,000.00 |
| 11 | Months after entry | 1,000.00 | 43.75 | 1,043.75 | 14,000.00 |
| 12 | Months after entry | 1,000.00 | 40.83 | 1,040.83 | 13,000.00 |
| 13 | Months after entry | 1,000.00 | 37.92 | 1,037.92 | 12,000.00 |
| 14 | Months after entry | 1,000.00 | 35.00 | 1,035.00 | 11,000.00 |
| 15 | Months after entry | 1,000.00 | 32.08 | 1,032.08 | 10,000.00 |
| 16 | Months after entry | 1,000.00 | 29.17 | 1,029.17 | 9,000.00 |
| 17 | Months after entry | 1,000.00 | 26.25 | 1,026.25 | 8,000.00 |
| 18 | Months after entry | 1,000.00 | 23.33 | 1,023.33 | 7,000.00 |
| 19 | Months after entry | 1,000.00 | 20.42 | 1,020.42 | 6,000.00 |
| 20 | Months after entry | 1,000.00 | 17.50 | 1,017.50 | 5,000.00 |
| 21 | Months after entry | 1,000.00 | 14.58 | 1,014.58 | 4,000.00 |
| 22 | Months after entry | 1,000.00 | 11.67 | 1,011.67 | 3,000.00 |
| 23 | Months after entry | 1,000.00 | 8.75 | 1,008.75 | 2,000.00 |
| 24 | Months after entry | 1,000.00 | 5.83 | 1,005.83 | 1,000.00 |
| 25 | Months after entry | 1,000.00 | 2.92 | 1,002.92 | 0.00 |

# Exhibit B

## CHECKLIST FOR RENOVATIONS REGULATED BY THE LEAD RENOVATION, REPAIR, AND PAINTING (RRP) RULE

# CHECKLIST FOR RENOVATIONS
# REGULATED BY THE RRP RULE

## General Project Information:

Property Address: _____

                                                         City              State          Zip

Contractor/subcontractor firm name and certification number (copy of the firm certificate must be on file with the Defendants):

_____

Firm Name                                                Certification Number

Assigned certified renovator name & certification number (copy of training certificate must be available on the work site and attached to this checklist):

_____

Renovator Name                                           Certification Number

Brief description of Renovation Project (include painted surfaces disturbed and estimated size):

+------------------------------------------------------------------+
|                                                                  |
|                                                                  |
|                                                                  |
|                                                                  |
|                                                                  |
|                                                                  |
|                                                                  |
+------------------------------------------------------------------+

Did the contractor/subcontractor obtain a written determination from a certified inspector or risk assessor that lead-based paint was not present on the components affected by the renovation?

___ **Yes and a copy of the determination is attached to this checklist. *(Form is COMPLETE. Sign Certification on last page.)***

___ **No** *(Continue to Next Section, "Lead Testing Information")*

## NOTIFICATION CHECKLIST FOR RENOVATIONS
## REGULATED BY THE RRP RULE

### LEAD TESTING INFORMATION:

Were EPA or applicable state recognized lead test kits used by certified renovator on each and every component (for example, each window to be replaced must be tested unless it is assumed to have lead-based paint) to determine whether lead was present on components affected by renovation?

**___ Yes          ___ N/A**

Identify workers and kits used and describe components tested, sampling locations and results below. Follow the lead test kit directions completely when testing components.  Document paint chip sampling using the template on the following page and attach any laboratory results.

| Certified Renovator Name | Certification Number |
|---|---|
|  |  |
|  |  |
|  |  |

*Attach additional sheets as needed.*

| Test Kit Manufacturer and Model | Date of Testing | Component and Location Tested | Result |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*Attach additional sheets as needed.*

***Note -- Each window to be replaced must be tested unless it is assumed to have lead-based paint***

**For each sample collected, fill out all of the following information:**
Sample Identifier: _____
Sample Collector Name: _____
Sampling Location: _____
Sampling site description: _____ Date of Collection: ____/_____/_____
Sample Dimensions (cm): _____ Calculate Sample Area (cm²):_____
*NLLAP-recognized entity and location: _____
  Submission date: ____/_____/_____ Results: _____ Result Date: ___/_____/_____

Attach additional sheets as necessary.
*National Lead Laboratory Accreditation Program

## NOTIFICATION CHECKLIST FOR RENOVATIONS
## REGULATED BY THE RRP RULE

**General Information**

Name of Property Owner:_____

Address:_____

City:_____ State: _____ Zip code: _____ Contact #: (___) ____- _____

Email: _____


**Renovation Information**

Renovation Address: _____ Unit #: _____

City: _____ State: _____ Zip code: _____

Certified Firm Name: _____

Address: _____

City: _____ State: _____ Zip code: _____ Contact #: (___) ____- _____

Email: _____

Certified Renovator Name: _____

Date Certified _____/_____/_____


**For each sample collected, fill out all of the following information:**

Sample Identifier: _____

Sample Collector Name: _____

Sampling Location: _____

Sampling site description: _____ Date of Collection: ____/____/_____

Sample Dimensions (cm): _____ Calculate Sample Area (cm²):_____

*NLLAP-recognized entity and location: _____

Submission date: ____/____/____ Results: _____ Result Date: ____/____/_____

Attach additional sheets as necessary.
*National Lead Laboratory Accreditation Program

Was lead-based paint determined to be present on the components affected by the renovation?

___ **Yes** (*Continue to Next Section, "Notification, Work Practices, and Recordkeeping"*).

___ Presumed to be present on the components affected by the renovation (*Continue to Next Section, "Notification, Work Practices, and Recordkeeping"*).

___ **No** *(Form is COMPLETE, sign Certification on last page.)*

# CHECKLIST FOR RENOVATIONS
# REGULATED BY THE RRP RULE

## NOTIFICATION, WORK PRACTICES, AND RECORDKEEPING:

**(40 C.F.R. Parts §§ 745.84-745.86 or applicable state program)**

Please acknowledge one of the following:

☐ Signed and dated acknowledgments of receipt of the Renovate Right pamphlet from, as applicable: owners and, if not owner-occupied, adult occupants of dwelling units, owners of multi-unit housing for renovations in common areas; and owners and adult representatives of child-occupied facilities are attached to this checklist;

**OR**

☐ Certificates of mailing of the Renovate Right pamphlet to the following, as applicable: owners and, if not owner-occupied, adult occupants of dwelling units; owners of multi-unit housing for renovations in common areas; and owners and adult representatives of child-occupied facilities are attached to this checklist.

**OR**

☐ Certificates of attempted delivery of the Renovate Right pamphlet to adult occupants of dwelling units or adult representatives of child-occupied facilities are attached to this checklist.

Comments on pamphlet delivery (*i.e.*, obstacles encountered and how they were addressed):

_____
_____
_____

If the Renovation Project involved a common area of a multi-unit building, was a signed statement describing the steps performed to notify all occupants of multi-unit housing of the renovation activities, to provide the Renovate Right pamphlet to all occupants, and to inform of any changes to the renovation activities, obtained and attached?

___ **Yes**          ___ **N/A**

If the Renovation Project was performed in a child-occupied facility, was a signed statement describing the steps performed to notify all parents and guardians of children using child-occupied facilities of the renovation activities, to provide the Renovate Right pamphlet, and to provide a copy of the records showing compliance with the RRP Rule and any dust clearance sampling reports obtained and attached?

___ **Yes**          ___ **N/A**

Name(s) of dust sampling technician, inspector, or risk assessor, if used (attach copies of their certification to this checklist):

_____
_____
_____

# CHECKLIST FOR RENOVATIONS
# REGULATED BY THE RRP RULE

## NOTIFICATION, WORK PRACTICES, AND RECORDKEEPING:  continued

If applicable, certified renovator provided training to workers on (check all that apply):

☐ Posting warning signs     ☐ Setting up plastic containment barriers

☐ Maintaining containment     ☐ Avoiding spread of dust to adjacent areas

☐ Waste handling     ☐ Post-renovation cleaning

List Names of workers trained (attach a copy of any records documenting which elements were taught to each worker):

_____

_____

_____

_____

Renovator posted signs defining work area to keep others out of renovation work area.  Warning signs were posted at entrance to work area.

**___ Yes**      **___ N/A**

Work area contained to prevent spread of dust and debris? (Check all that apply)

(INTERIOR)

☐ All objects in the work area were removed or covered (interiors).

☐ HVAC ducts in the work area were closed and covered (interiors).

☐ Windows and doors in the work area were closed and sealed (interiors).

☐ Floor surfaces covered by plastic extending 6 feet from work area (interiors).

☐ Doors in the work area were closed and sealed (interiors).

☐ Doors that must be used in the work area were covered to allow passage but prevent spread of dust (interiors).

☐ Floors in the work area were covered with taped-down plastic (interiors).

(EXTERIOR)

☐ Windows in and within 20 feet of the work area were closed (exteriors).

☐ Doors in and within 20 feet of the work area were closed and sealed (exteriors).

☐ Ground was covered by plastic extending 10 feet from work area - plastic anchored to building and weighed down by heavy objects (exteriors).

☐ If necessary, vertical containment was installed if property line prevents 10 feet of plastic ground cover, or if necessary to prevent migration of dust and debris to adjacent property (exteriors).

## CHECKLIST FOR RENOVATIONS
## REGULATED BY THE RRP RULE

### **NOTIFICATION, WORK PRACTICES, AND RECORDKEEPING**:  continued

**Please acknowledge the following if applicable:**

None of the prohibited and restricted work practices was employed.

**___ Yes          ___ N/A**

Waste was contained on-site and while being transported off-site.

**___ Yes          ___ N/A**

Work site was properly cleaned after renovation:

**___ Yes          ___ N/A**

☐ All chips and debris were picked up, protective sheeting misted, folded dirty side inward, and taped for removal;

☐ Plastic sheeting misted, folded dirty side inward, and taped for removal; and

☐ Work area surfaces, walls, and objects were cleaned using HEPA vacuum and/or wet-cloths or mops (interiors).

Certified renovator performed post-renovation cleaning verification. Describe results, including the number of wet and dry cloths used:

_____
_____
_____
_____

**OR**

If dust clearance testing was performed instead of cleaning verification, the sample results were below clearance standards and a copy of the report was provided to property owners and, if not owner-occupied, adult occupants of residential dwellings or adult representatives of child-occupied facilities and posted in common areas of any multi-unit housing. A copy of the results is attached to this checklist.

**___ Yes          ___ N/A**

If the renovation is an emergency renovation under the RRP Rule, describe the nature of the emergency and document the provisions of the RRP Rule that were not followed:

_____
_____
_____
_____

# CHECKLIST FOR RENOVATIONS
# REGULATED BY THE RRP RULE

### *CONTRACTOR/SUBCONTRACTOR CERTIFICATION*

*I, the undersigned contractor/subcontractor, certify under penalty of law that the above information is true and complete, and do hereby certify that I have complied with all requirements of the Lead Renovation, Repair, and Painting Rule ("RRP Rule"), 40 C.F.R. § 745.80, et seq., and/or any applicable state laws or program regulating lead-based paint safe work practices, including compliance with all information distribution, notice requirements and work practice standards in performing this Renovation Project.  I certify that I have provided the occupants (if any) of the Property to be Renovated, with all documentation required to be supplied under the RRP Rule and/or state program, shall retain all records required by law for at least 3 years or longer if required by state law, and shall provide copies to EPA of all the records required to be retained by the RRP Rule or applicable state program upon request. I have provided the Defendants with a completed copy of this Renovation Recordkeeping Checklist and all associated documentation to support its contents.*

_____          _____

**Contractor/subcontractor Name and Title**          **Date**

_____          _____

**Signature of Authorized Officer**          **Date**

_____

**Print Name of Authorized Officer**

_____

**Title**

# Exhibit C

NOTIFICATION CHECKLIST FOR
RENOVATIONS REGULATED BY THE LEAD
RENOVATION, REPAIR, AND PAINTING (RRP)
RULE

## NOTIFICATION CHECKLIST FOR RENOVATIONS
## REGULATED BY THE RRP RULE

**THE PURPOSE OF THIS FORM IS TO NOTIFY THE U.S. ENVIRONMENTAL PROTECTION AGENCY OF RENOVATION WORK IMPLICATING THE LEAD RENOVATION, REPAIR, AND PAINTING RULE ("RRP RULE"), 40 C.F.R. § 745.80, *et seq.*, OR ANY APPLICABLE U.S. EPA-AUTHORIZED PROGRAM REGULATING LEAD-BASED PAINT SAFE WORK PRACTICES.**

## <u>Project Information</u>:

Property Address: _____

City          State          Zip

Scheduled Dates of Work: _____

Areas to Be Renovated (e.g. apartment number(s), common area(s), exterior): _____

_____

_____

Character of the Worksite (e.g., single-family home, multi-family apartment building): _____

_____

Will the Worksite Be Occupied During Renovation?   ☐ YES   ☐ NO

Do Children Reside at or Frequent the Property When Occupied?   ☐ YES   ☐ NO

If Yes, Age of Children: _____

Brief description of Renovation Project (include painted surfaces disturbed and estimated size): _____

_____

_____

_____

_____

_____

_____

_____

## NOTIFICATION CHECKLIST FOR RENOVATIONS
## REGULATED BY THE RRP RULE

### **Participant Information**:

*(Sub-) Contractors*[†] (Provide for each contractor/sub-contractor working on the Worksite)

- (Sub-)Contractor #1: _____

  Name

  _____      _____
  Address                                                    Telephone #

- (Sub-)Contractor #2: _____

  Name

  _____      _____
  Address                                                    Telephone #

- (Sub-)Contractor #3: _____

  Name

  _____      _____
  Address                                                    Telephone #

- (Sub-)Contractor #4: _____

  Name

  _____      _____
  Address                                                    Telephone #

*Certified Renovator**: _____

Name

_____      _____
Address                                                    Telephone #

*Compliance Officer*: _____

Name

_____      _____
Address                                                    Telephone #

*Property Owner/Agent*: _____

Name

_____      _____
Address                                                    Telephone #

[†] For each subcontractor on the Worksite, provide a copy of that subcontractor's EPA Firm certificate.

*For each Certified Renovator assigned to the Worksite, provide a copy of that individual's EPA Renovator certificate.

## NOTIFICATION CHECKLIST FOR RENOVATIONS
## REGULATED BY THE RRP RULE

### LEAD TESTING INFORMATION:

Were EPA or applicable state recognized lead test kits used by certified renovator on each and every component (for example, each window to be replaced must be tested unless it is assumed to have lead-based paint) to determine whether lead was present on components affected by renovation?

**___ Yes          ___ N/A**

Identify workers and kits used and describe components tested, sampling locations and results below. Follow the lead test kit directions completely when testing components.  Document paint chip sampling using the template on the following page and attach any laboratory results.

| Certified Renovator Name | Certification Number |
|---|---|
|  |  |
|  |  |
|  |  |

*Attach additional sheets as needed.*

| Test Kit Manufacturer and Model | Date of Testing | Component and Location Tested | Result |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

*Attach additional sheets as needed.*

***Note -- Each window to be replaced must be tested unless it is assumed to have lead-based paint***

**For each sample collected, fill out all of the following information:**
Sample Identifier: _____
Sample Collector Name: _____
Sampling Location: _____
Sampling site description: _____ Date of Collection: ____/____/_____
Sample Dimensions (cm): _____ Calculate Sample Area (cm²):_____
*NLLAP-recognized entity and location: _____
  Submission date: ____/____/_____ Results: _____ Result Date: ____/____/_____

Attach additional sheets as necessary.
*National Lead Laboratory Accreditation Program

**NOTIFICATION CHECKLIST FOR RENOVATIONS**
**REGULATED BY THE RRP RULE**

### *CONTRACTOR/SUBCONTRACTOR CERTIFICATION*

*I, the undersigned contractor/subcontractor, certify under penalty of law that the above information is true and complete, and do hereby certify that I will comply with all requirements of the Lead Renovation, Repair, and Painting Rule ("RRP Rule"), 40 C.F.R. § 745.80, et seq., and/or any applicable state laws or program regulating lead-based paint safe work practices, including compliance with all information distribution, notice requirements and work practice standards in performing this Renovation Project.  I certify that I have provided or will provide the occupants (if any) of the Property to be Renovated, with all documentation required to be supplied under the RRP Rule and/or state program, shall retain all records required by law for at least 3 years or longer if required by state law, and shall provide copies to EPA of all the records required to be retained by the RRP Rule or applicable state program upon request. In the event of a Renovation-related change or modification to the above information, I will promptly provide EPA with updated information.*


_____        _____

**Contractor/subcontractor Name and Title**          **Date**


_____        _____

**Signature of Authorized Officer**                       **Date**


_____

**Print Name of Authorized Officer**


_____

**Title**

## Exhibit D – Ability-to-Pay Documentation

*In determining Jose Paccha's ability to pay a civil penalty, the United States of America relied upon the following documentation provided by Jose Paccha:*

- CISNE NY Construction, Inc.'s Form 1120 U.S. Corporation Income Tax Return for Tax Year 2018.

- Jose Paccha's Form 1040 U.S. Individual Income Tax Returns for Tax Years 2018-2020.

- The United States Department of Justice's *Financial Disclosure Statement to Be Completed By Individual Defendant* completed by Jose Paccha on May 10, 2022.